

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00296-CV

**IN RE** Jalen **BARNES**

Original Proceeding[1]

PER CURIAM

Sitting:     Irene Rios, Justice
            Adrian A. Spears II, Justice
            Velia J. Meza, Justice

Delivered and Filed: June 25, 2025

PETITION FOR WRIT OF HABEAS CORPUS GRANTED

Relator filed a petition for writ of habeas corpus on May 8, 2025. This court issued an order requesting a response from respondent and real party in interest by no later than May 23, 2025. Neither respondent nor real party in interest has filed a response to the petition for writ of habeas corpus.

Respondent issued an order holding relator in contempt of court on May 8, 2023. Respondent ordered relator to serve two (2) months in the Bexar County jail. No motion for contempt was filed. No hearing on constructive contempt was held. Relator was not provided notice that he faced prospective jail time, nor was relator advised of his right to an attorney.

---

[1]This proceeding arises out of Cause No. 2023CI05954, styled *James Tyler Priest v. Cartier J Transport LLC and Jalen Barnes*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Monique Diaz presiding.

Relator was not present for the hearing on contempt. A commitment order was subsequently issued on March 16, 2025. Relator was not provided with an attorney despite requesting one.

Criminal contempt proceedings are quasi-criminal in nature entitling alleged contemnors to many of the same due process rights guaranteed to defendants under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as well as those guaranteed by the Texas Constitution. *Ex parte Johnson*, 654 S.W.2d 415, 420-22 (Tex. 1983). These include fundamental and essential rights such as the right to be present at trial and confront witnesses and the right to counsel. *See Ex parte Gonzales*, 945 S.W.2d 830, 836 (Tex. Crim. App. 1997) ("We also note that the right to counsel turns on whether deprivation of liberty may result from a proceeding, not upon its characterization as criminal or civil.") (internal quotations omitted); *Ex parte Goodman*, 742 S.W.2d 536, 540 (Tex. App.—Fort Worth 1987, no writ) ("[W]e find it inescapable that the right to counsel afforded to those accused of a crime by the provisions of the Texas Code of Criminal Procedure appl[ies] equally to alleged constructive criminal contemnors.").

There is "no meaningful distinction between an individual's rights which are at stake in a constructive criminal contempt hearing [] and those at stake in an ordinary criminal trial where confinement is a possible penal sanction." *Ex parte Johnson*, 654 S.W.2d at 421. A contemnor's failure to appear at a show cause hearing does not constitute the waiver of these rights. *Id.*; *see also Ex parte Gonzales*, 945 S.W.2d at 837 ("[I]t is essential that no criminal defendant be subjected to formal adversarial judicial proceedings without a lawyer unless there is a basis for concluding that he knowingly, voluntarily, and intelligently relinquished or abandoned his right to the assistance of counsel.") (quoting *North Carolina v. Butler*, 441 U.S. 369 (1979)). When an individual is cited for criminal contempt and fails to appear at the appointed time and place, the

proper procedure is to bring the individual into court under a capias or a writ of attachment. *Ex parte Johnson*, 654 S.W.2d at 422.

It is apparent from the facts presented that relator did not waive his right to be present or his right to counsel in the criminal contempt proceedings. Nonetheless, respondent sentenced relator in absentia to two (2) months incarceration constituting a clear violation of his due process rights. The May 8, 2023 contempt order and the March 16, 2025 commitment order are void for the reasons stated above.

We grant relator's petition for writ of habeas corpus and order Barnes discharged.

PER CURIAM